PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey
## (Amended-2nd Revision)
## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Edmund Rodney Brown      **Docket Number:** 04-00142-001
    **PACTS Number:** 33590

**Name of Sentencing Judicial Officer:** Honorable Freda L. Wolfson, United States District Judge

**Date of Original Sentence:** 06/02/2004
**Resentenced:** 11/21/2005
**Violation of Supervised Release:** 07/08/2008

**Original Offense:** Original Offense: Bank Robbery (3 Counts)
**Violation of Supervised Release:** Drug Usage (Cocaine)

**Original Sentence:** 84 months custody; 3 years supervised release; $7,373 restitution; $300 special assessment. Special conditions of alcohol, drug and mental health counseling, no new debt and financial disclosure. Resentenced to 72 months custody, all other original aspects of sentence imposed.

**Violation of Supervised Release -** 14 months imprisonment; 22 months supervised release

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** 03/06/09

**Assistant U.S. Attorney:** Thomas Eicher, 402 East State Street, Room 502, Trenton, New Jersey 08608, (609) 989-2190

**Defense Attorney:** Brian Reilly, 22 South Clinton Ave., Station Plaza #4, 4th Floor, Trenton, New Jersey 08609, (609) 989-2160

---

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation Number Nature of Noncompliance</u>

1      The offender has violated the supervision condition which states '**You shall not commit another federal, state, or local crime.**'

     Edmund Brown was arrested on August 12, 2009, and charged with Aggravated Assault with a weapon, namely a tire iron. The charges allege that on May 14, 2009, the offender assaulted the victim, P.A., by striking the victim in the head with a tire iron causing lacerations to the head and face. The victim received medical care and approximately forty stitches to close the wounds. The charge

is a third degree offense and is pending. The charges have been forwarded to the Camden County Prosecutor for grand jury review; no date has been set. The bail for this charge was set at $25,000 without ten percent option. The offender's mother posted her home and the offender was released on August 13, 2009. According to Brown, this is a case of mistaken identity. The offender advised the probation officer he was charged with assault; however, he failed to disclose there was a tire iron involved in the alleged charges.

2   The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**'

The probation officer initiated personal contact with the offender on June 22, 2009, advising that this officer wished to meet with him. He advised he could not travel to the Camden Office and would be home on June 23, 2009, at 10:00 for a scheduled contact. The probation officer arrived at the residence approximately five minutes before 10 o'clock and waited at the home until approximately 10:20 a.m.; however, the offender failed to be present at the agreed upon time and location. The probation officer was finally able to establish contact with the offender on June 25, 2009.

**This paragraph represents the amended portion of this violation.** On July 22, 2009, the offender reported to the Code-A-Phone program as directed. Upon submitting his urine, the technician concluded the instant test was indicative of a positive urine specimen for cocaine usage; however, the sample had been dumped and the specimen was not forwarded to the laboratory. The probation officer was advised of such on July 23, 2009 and directed the offender be at his residence this date by 5:00 p.m. so that the probation office could secure a urine from him. Brown telephoned the probation officer late afternoon to advise he was in the hospital and could not be at home today. He told the probation officer to visit him at Kennedy Hospital if a urine was needed. The probation officer visited the offender's residence on July 23, 2009 at approximately 6:30 p.m.. Although the offender was still not at home, the probation officer left reporting instructions at the residence for the offender to report to the Camden office on Friday, July 24, 2009, and indicated his prescription medication should not be taken prior to submission of the urine specimen. The offender's girlfriend telephoned the probation officer on July 24, 2009 and indicated he could not report this date as he was scheduled for Court in Gloucester County. Subsequent to the filing of the petition, the probation officer learned the offender did not appear in Court as indicated by his girlfriend, and a warrant was issued for arrest. His failure to report on July 24, 2009 is not excused. The offender did report to the office the following Monday, July 27, 2009.

The offender reported to the probation office on August 14, 2009; at the conclusion of the meeting he was directed to report on Wednesday August 19, 2009. The offender failed to report as directed. Brown did not telephone the probation officer to explain his absence.

On August 20, 2009, the probation officer left a note at the offender's home directing he report to the office on Friday, August 21, 2009 at 10:00 a.m.. Brown failed to report to the probation officer as instructed. Brown did call and advise

| | |
|---|---|
| | he was seeking medical attention and was not willing to report to the probation office at 10:00 as his medical issues were prevalent. Brown was arrested near the medical facility on August 21, 2009. |
| 3 | The offender has violated the supervision condition which states '**The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.**' |
| | **This paragraph has been modified from the amended petition.** The offender was directed to comply with a random urine monitoring program the probation office refers to as "Code A Phone." The program requires the offender telephone daily and respond to a prompt to submit to urinalysis the following date. The offender failed to report for urinalysis on the following dates: August 19, 2009, August 13, 2009, July 23, 2009, and June 16, 2009. |
| | On July 24, 2009, he was directed to report to the Camden Office and submit a urine sample and failed to submit to urinalysis as directed. His girlfriend had advised the probation office he would not report for the urine this date as he was scheduled for Court in Gloucester County Superior Court. Subsequently, the probation officer learned the offender did not appear in court that date as scheduled and a warrant was issued. |
| 4 | The offender has violated the supervision condition which states '**As a condition of supervision, you are instructed to pay restitution in the amount of $7,373 to U.S. Treasury; it shall be paid in the following manner: in monthly installments of no less than $100 to commence 30 days after release from confinement.**' |
| | To date, the offender has paid $7.43 towards this restitution obligation, leaving a balance of $7,365.57. |

PROB 12C - Page 4
Edmund Rodney Brown

I declare under penalty of perjury that the foregoing is true and correct.

By: *Sharon A. O'Brien* (signature)
Sharon A. O'Brien
Senior U.S. Probation Officer
Date:  09/23/09

THE COURT ORDERS:

[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons.  Date of Hearing: _____.
[ ] No Action
[ ] Other

*(signature)*
Signature of Judicial Officer

September 25, 2009
Date